362 So.2d 609 (1978)
C.E. FRAZIER, C.E. Frazier Construction Company, Inc., & U.S.F. & G. Company
v.
NATIONAL ELECTRIC SUPPLY COMPANY, INC.
No. 50576.
Supreme Court of Mississippi.
August 30, 1978.
Reynolds & Mockbee, David L. Reynolds, Jackson, for appellants.
Keeton, Cofer & Embry, Edwin Tharp Cofer, Grenada, for appellee.
Before SMITH, WALKER and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
C.E. Frazier Construction Company, Inc. was awarded the general contract for construction of the Student Union Center at Delta State University. His bond for the project was executed by the United States Fidelity and Guaranty Company. The electrical work was sublet to Edward M. Jones, d/b/a Jones Electric Company.
Following completion of the project Frazier retained $13,185.18 under the provisions of his subcontract with Jones. Frazier claimed that, in the course of the work, *610 Frazier had experienced difficulty of various kinds with Jones which allegedly caused substantial delays and expense and that Jones also had left a number of items to be corrected according to the plans and specifications.
After Frazier had completed the Delta State job Jones made assignment of the $13,185.18 to National Electric Supply Company, Inc., a creditor to whom Jones was indebted. It was stipulated that National, at the time of the assignment, had not supplied money, goods or services to Jones in connection with the Delta State project and that the assignment had been given by Jones to National as security for preexisting debts. It was further stipulated that National had furnished no material, equipment or goods used in connection with the construction of the Delta State Student Union. It appears that the purpose of the assignment was to provide security for a job at Holly Springs in which Jones was involved and for which National advanced funds.
The subcontract executed by Jones to Frazier contained, among other things, this provision:
"That the subcontractor shall:
(8)(a) Not assign this subcontract or any amounts due or to become due thereunder without the written consent of the contractor."
Shortly after Jones executed the assignment of his claim to the retainage to National, the latter brought the present suit against Frazier, his bonding company U.S.F. & G., and Jones. In addition to filing a counterclaim against Jones as an offset to the amount claimed, Frazier interposed a number of defenses, including the provision in Jones' contract prohibiting assignment.
This defense was overruled by the trial court. A trial followed, at the conclusion of which the trial court entered judgment in favor of National against Frazier, U.S.F. & G. and Jones. Frazier and U.S.F. & G. have appealed. Jones has not appealed.
In Merchants and Farmers Bank v. McClendon, 220 So.2d 815, 820 (Miss. 1969), this Court reaffirmed the rule of law handed down in Inter-Southern Life Insurance Co. v. Humphrey, 122 Miss. 579, 84 So. 625, 626 (1919), saying:
Prohibition in a contract against assignment is legal and valid. The right to make a personal contract or to agree for the performance of a contract by a certain party to the exclusion of all others is obviously legitimate. Such contracts are often made with a view of retaining the personal interest and action of the payee, which purpose might be defeated should the contract or the fruits of it be unconditionally assigned to some stranger. 122 Miss. at 592, 84 So. at 626.
The McClendon case has not been overruled and the conclusions reached in it appear to rest upon a sound basis. It is, however, the contention of National that McClendon was superseded by Mississippi Code Annotated section 75-2-201 of the chapter on sales of the Commercial Code. Section 75-2-102 of the chapter on sales is as follows:
75-2-102 Scope; certain security and other transactions excluded from this chapter.
Unless the context otherwise requires, this chapter applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this chapter impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers.
Section 75-2-106 defines "sale", as contemplated in the chapter on sales of the Uniform Commercial Code, as follows:
(1) In this chapter unless the context otherwise requires "contract" and "agreement" are limited to those relating to the present or future sale of goods. ...
Nor is the suggestion valid that the prohibition against assignment violates the chapter on secured transactions of the Commercial Code.
Section 75-9-104 of the chapter on secured transactions provides:
This chapter does not apply ... *611 (f) to a sale of accounts, contract rights or chattel paper as part of a sale of the business out of which they arose, or an assignment of accounts, contract rights or chattel paper which is for the purpose of collection only, or a transfer of a contract right to an assignee who is also to do the performance under the contract; or
.....
We hold that the transaction sought to be litigated between National on the one hand and Frazier, U.S.F. & G. and Jones on the other did not involve a sale within the scope and contemplation of the chapter on sales as contained in the Uniform Commercial Code. Such a prohibition against assignment is not invalid under the chapter on sales or under any other provision of the Commercial Code. Having reached that conclusion, we hold that the rule laid down in McClendon controls and that the attempt of Jones to assign the retainage to National was invalid and that the suit of National against Frazier and U.S.F. & G. Company should have been dismissed.
The judgment appealed from is, therefore, reversed and judgment is entered here for Frazier and U.S.F. & G. Company. The judgment against Jones, who did not appeal, is, of course, unaffected.
THE JUDGMENT APPEALED FROM IS REVERSED AND JUDGMENT ENTERED HERE FOR FRAZIER AND U.S.F. & G. COMPANY.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
COFER, J., took no part.