PATTERSON, Chief Justice,
for the Court:
This appeal arises from the Chancery Court of the First Judicial District of Hinds County, wherein The Mississippi Bank (Bank) brought suit against The Western Casualty & Surety Company (Western) and C.E. Frazier Construction Company, Inc. (Frazier), alleging that it was entitled to receive several progress payments assigned to the Bank by Gallagher Mechanical, Inc. (Gallagher), as security for loans made to Gallagher by the Bank.
Frazier was the general contractor for additions and alterations to the Navy Reserve Training Building as well as the North Jackson Elementary School in the City of Jackson. Gallagher was a sub-contractor to Frazier for certain phases of the work on both of these projects. A condition of the contract between Frazier and Gallagher was that the sub-contractor assure its performance to Frazier by furnishing a performance bond. Western entered into such bond with Gallagher as principal, Western as surety, and Frazier as obligee. The bond assured Frazier, in the event Gallagher defaulted, that Western would complete the contract and make available as the contract progressed, sufficient funds for its completion. The bonds for both the Reserve and School contracts are identical except for the dates and amounts.
Due to cash flow problems precipitated by an extended strike Gallagher obtained loans from the Bank assigning as collateral progress payments from the two Frazier projects. The Bank understood the assignments of the progress payments were subject to architectural approval as well as back charges, if any, of Frazier. The contracts between Frazier and Gallagher provided that Gallagher would “not assign this subcontract or any amounts due or to become due thereunder without the written consent of the contractor.” And further, “does hereby agree that if the sub-contractor should neglect to prosecute the work diligently and properly or fail to perform any provision of the contract, the contractor, ... make good such deficiencies and may deduct the cost thereof from the payment then or thereafter due the sub-contractor,
In February of 1980 Gallagher defaulted on both contracts leaving substantial amounts due its materialmen, workmen and to the Bank, thereby creating potential losses in substantial amounts to Frazier and Western. Thereafter the Bank filed this suit against Frazier and Western. It prayed for a monetary judgment of $82,-986.30 against Frazier for the alleged wrongful withholding of progress payments from the Bank. The Bank further alleged that, “the defendant, The Western Casualty & Surety Company, Inc., is entitled to receive nothing from the above described assigned progress payments”, and prayed an adjudication that Western “be entitled to nothing.” There was also a prayer for a discovery and accounting as well as for general relief. Following an extensive hearing Frazier was dismissed, a judgment of $38,729.00 was awarded the Bank against *125 Western and Western was awarded a judgment of $7,726.15 against the Bank. Aggrieved, Western appeals and the Bank cross-appeals.
After serious effort to analyze the facts and relate them to legal principles to reach a just result we are forced to the conclusion the record before us will not permit such accomplishment. We therefore reverse and remand for a new trial.
The first barrier we encounter is that the complainant did not seek a monetary judgment against Western but rather a judgment, in the nature of a declaration, that Western be adjudicated to have no interest in the progress payments. We are unable to discern in the record any request for the bill of complaint to be amended nor do we think the scope of the general prayer could be enlarged to include an award upon a different theory of the case. Indeed, the first reference to any change in the thesis of the bill of complaint appears in the court’s opinion, after the close of trial, where the court stated the briefs reveal that the suit was really between the Bank and Western. It need be repeated, after the above revelation, the cause continued to judgment without remand for notice through conformed pleadings.
Moreover, the problem was compounded, when the trial court excluded evidence concerning two assignments totaling $27,498 upon objection by the defendants but nevertheless included this amount in his opinion and decree against Western. Upon motion being made to correct the decree to exclude this amount the trial court declined to do so, reasoning that he would leave that task to this court.
In sustaining the defendant’s objection to the introduction of the mentioned assignments, the trial court relied upon Frazier v. Nat. Elec. Supply Co., Inc., 362 So.2d 609 (Miss.1978), which affirmed the former rule of law that an assignment by a sub-contractor, if agreed to by the parties, was subject to the approval or disapproval of the general contractor. While this case was on appeal Frazier v. Nat. Elec, was overruled by The Mississippi Bank v. Nickles & Wells Construction Company, Inc., and The Western Casualty & Surety Company, 421 So.2d 1056, 1060 (Miss.1982), “insofar as it held that section 75-9-104(f) excluded construction contracts from chapter 9 of the code, and for this reason that a construction contract could effectively prohibit an assignment of money due thereunder without the written consent .of the obli-gor. We leave intact our law on assignments absent statutory restrictions imposed by the code.” The decision in Nickles & Wells further complicates this case because the testimony concerning the progress payments (previously excluded) might now be properly admitted into evidence. This in turn will probably give rise to other defenses that Western might impose.
Another factor influencing our conclusion for a new trial is the lack of proof as to whether the loan proceeds secured by the assignments in issue were used for the payment of materialmen and laborers on these two Frazier projects. As best we can determine the proceeds of the loans went into some eight projects, including those in litigation here, that Gallagher then had in progress. Hopefully, on retrial, more detailed evidence will be presented concerning the utilization of the loan proceeds on the two Frazier projects. This evidence should be helpful to the trial court in adjudicating the priorities to the funds, as between Western and the Bank.
We are reluctant to reverse and remand for a new trial but due to the state of the pleadings and the evidence, we are of the opinion a new trial is necessary so that a just decision might be reached.
REVERSED AND REMANDED ON BOTH DIRECT AND CROSS-APPEALS.
SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.